Filed 3/15/22  P. v. Clark CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

DONYETTE YVONNE CLARK,

    Defendant and Appellant.

E074941

(Super.Ct.No. RIF151250)

OPINION

APPEAL from the Superior Court of Riverside County.  Ronald L. Taylor, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed and remanded with directions.

Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Charles R. Ragland and Melissa Mandel,

1

Assistant Attorneys General, Collette Cavalier and Adrian R. Contreras, Deputy

Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, Donyette Yvonne Clark, filed a petition for resentencing

pursuant to Penal Code section 1170.95,[1] which the court dismissed. On appeal,

defendant contended the court erred in dismissing her petition on the grounds that

section 1170.95 does not apply to those convicted of attempted murder. We affirmed.

By order dated February 16, 2022, the California Supreme Court transferred the

matter to this court with directions to vacate and reconsider our decision in light of

Senate Bill No. 775 (Stats. 2021, ch. 551). On February 17, 2022, we vacated our

opinion and provided that any party could file a supplemental brief within 15 days. Both

parties have filed briefs maintaining the matter must be reversed and remanded. We

reverse and remand the matter for reconsideration.

## I. PROCEDURAL BACKGROUND[2]

A jury convicted defendant of four counts of willful, deliberate, and premediated

attempted murder (§§ 664, 187, subd. (a); counts 1, 2, 3, & 7); active participation in a

---

[1] All further statutory references are to the Penal Code.

[2] The facts of the case are irrelevant to the issue raised on appeal.

On October 16, 2020, we reserved ruling on respondent's request for judicial notice filed October 9 and the opposition filed October 15. The request is granted, and we take judicial notice of this court's nonpublished opinion from the appeal of defendant's judgment. (*People v. Clark* (Feb. 8, 2011, E049959) [nonpub. opn.].)

On January 4, 2021, we reserved ruling on appellant's request for judicial notice filed October 16, 2020. The request is denied as unnecessary to the resolution of the appeal.

criminal street gang (§ 186.22, subd. (a); count 8); and discharge of a firearm from a vehicle (§ 12034, subd. (c); count 9). (*People v. Clark*, *supra*, E049959.) The jury additionally found true allegations that she committed the offenses in counts 1, 2, 3, 7, and 9 for the benefit of, at the direction of, or in association with a criminal street gang (§ 186.22, subd. (b)), and that a principal other than defendant discharged a firearm in the commission of each crime (§ 12022.53, subds. (d), (e)(1)). (*Ibid.*)

On December 29, 2009, the trial court sentenced defendant to a total term of imprisonment of 80 years to life, consisting of consecutive 15-year-to-life terms on counts 1 and 7, plus consecutive 25-year-to-life terms for the firearm enhancements on counts 1 and 7. The court also imposed concurrent but otherwise identical terms on the attempted murder convictions and firearm enhancements in counts 2 and 3. (*People v. Clark*, *supra*, E049959.) The court stayed sentence on counts 8 and 9 pursuant to section 654. (*Ibid.*)

On January 2, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On March 1, the People filed a response, primarily arguing that section 1170.95 was unconstitutional, but also arguing, in the alternative, that because the jury had convicted defendant of attempted murder, not murder, she was not entitled to relief. At the hearing on defendant's petition, the People moved to dismiss the petition because defendant had been "convicted of four counts of attempted murder," not murder. The court granted the motion and dismissed the petition. On appeal, we affirmed on the

3

same basis as the trial court dismissed the opinion, i.e., that section 1170.95 relief did not apply to persons convicted of attempted murder.

## II. DISCUSSION

The parties agree that the amendments to section 1170.95 rendered by Senate Bill No. 775 expressly afford those convicted of attempted murder to relief under certain circumstances. Thus, they maintain we must reverse and remand the matter for reconsideration by the court below. We agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) added section 1170.95 (Stats. 2018, ch. 1015, § 4), setting forth the procedure by which a "person convicted of felony murder or murder under a natural and probable consequences doctrine . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts." (Former § 1170.95, subd. (a).) Prior to the enactment of Senate Bill No. 775, the Courts of Appeal were split on whether Senate Bill No. 1437 applied to attempted murder. Senate Bill No. 775 resolved the split of authority by amending section 1170.95 (Stats. 2021, ch. 551, § 2) to expressly afford relief to persons convicted of attempted murder in certain circumstances. Senate Bill No. 775's amendments to section 1170.95 became effective January 1, 2022.

The merits of defendant's petition have not been reviewed by the trial court, a necessary predicate to our review of its decision. In light of the amendments, we will remand the matter to the trial court for further proceedings pursuant to section 1170.95. At the hearing, the court may determine if an order to show cause should issue pursuant

4

to section 1170.95, subdivision (c), and, if so, the parties may introduce additional evidence as contemplated by subdivision (d).

## III.  DISPOSITION

The order dismissing defendant's petition is reversed and the matter is remanded for reconsideration by the court below.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:


MILLER

J.


MENETREZ

J.

5